Robert C. Montgomery
ROBERT C. MONTGOMERY, CHTD.
Idaho SBN: 1793
2160 S. Twin Rapid Way
Boise, ID 83709
Ph: (208) 322-8865
Fax: (208) 322-8395
bmontgomerylaw@gmail.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO
SOUTHERN DIVISION

| | |
|---|---|
| ROCHELE REED | Case No. |
| Plaintiff, | Complaint for Unlawful Debt Collection Practice |
| vs. | |
| CRITICAL RESOLUTION MEDIATION, LLC | |
| Defendant, | |

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Rochele Reed, an individual consumer, against defendant Critical Resolution Mediation, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint for Unlawful Debt Collection Practice - 1

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331 and 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Rochele Reed is a consumer, a natural person allegedly obligated to pay any debt, residing in the state of Idaho.

4. Defendant, Critical Resolution Mediation, LLC is a foreign company engaged in the business of collecting debt in this state with its principal place of business located in the state of Georgia. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal,

family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff before June 27, 2012.

9. Upon information and belief, within one year prior to the filing of this complaint, Defendant threatened to sue Plaintiff itself, when it cannot do so.

10. Upon information and belief, within one year prior to the filing of this complaint, Defendant, during communications with Plaintiff, did not state that Defendant was a debt collector, attempting to communicate a debt, and that any information would be used for that purpose.

11. Upon information and belief, Defendant mislead Plaintiff, by demanding payment from Plaintiff in communications that were within the first thirty days from the first initial communication with Plaintiff without also stating that Plaintiff still had an opportunity to dispute and/or seek validation for the alleged debt; overshadowing Plaintiff's rights to dispute and/or seek validation for the alleged debt.

12. Upon information and belief, Defendant, within one year prior to the filing of this complaint, has continued to call Plaintiff during a given day, without Plaintiff's consent, even though Plaintiff has already spoken to Defendant earlier in the day, and the subsequent call(s) are not for emergency purposes.

13. Upon information and belief, Defendant, within one year prior to the filing of this complaint, has threatened to ruin Plaintiff's credit itself, come to harass Plaintiff at her job and cause Plaintiff to go to jail for check fraud itself, when it cannot do any of those things.

Complaint for Unlawful Debt Collection Practice - 3

14.  Upon information and belief, within one year prior to the filing of this complaint, Defendants did not send Plaintiff proper statutory written notice within five (5) days and the possible seven (7) extra days of having initially spoken with Plaintiff.

15.  As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed, amongst other negative emotions.

## V.  CLAIM FOR RELIEF

16.  Plaintiff Rochele Reed repeats and realleges and incorporates by reference to the foregoing paragraphs.

17.  Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a)  Defendant violated §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(b)  Defendant violated §1692e(10) of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

(c)  Defendant violated §1692e(2)(B) of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

(d)  Defendant violated §1692e(5) of the FDCPA by threatening to take action that it did not intend to take; and

(e)  Defendants violated §1692g(a)(1) of the FDCPA by failing to send written notification to Plaintiff that is received within five days of the initial communication, with said notification including the amount of the alleged debt that the Defendants were attempting to collect; and

(f)  Defendant violated §1692e(11) of the FDCPA by failing to disclose in the oral communications with Plaintiff that the communications were from a debt collector, and that the debt collector was attempting to collect a debt, and that any information obtained would be used for that purpose, when said communications were not formal pleadings; and

Complaint for Unlawful Debt Collection Practice - 4

(g) Defendant violated §1692e(7) of the FDCPA by giving the false representation or implication that the Plaintiff committed a crime or other conduct in order to disgrace the Plaintiff; and

(h) Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff.

18. Defendant's acts as described above were done intentionally with the purpose of coercing Rochele Reed to pay the alleged debt.

19. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Rochele Reed for actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff Rochele Reed respectfully requests that judgment be entered against defendant Critical Resolution Mediation, LLC for the following:

A. Actual damages.

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

D. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

/s/ Robert Montgomery
_____
Robert C. Montgomery
Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Please take notice that plaintiff Rochele Reed demands trial by jury in this action.

Complaint for Unlawful Debt Collection Practice - 5

VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, Rochele Reed, states the following:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Exhibits, if any, which I have provided to my attorneys and which have been attached to this Complaint are true and correct copies of the original.

Pursuant to 28 U.S.C. § 1746(2), I, Rochele Reed, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

```
    7/14/12                                    /s/Rochele Reed
Date _____               _____
                                    Rochele Reed
```

Complaint for Unlawful Debt Collection Practice - 6